## RIKER *v.* MAHONEY.

(New York Superior Court — General Term, February, 1893.)

In an action to recover for the value of services rendered by plaintiff for defendants in obtaining for them a contract to erect a house, there was a conflict of evidence both as to the nature and value of the services and of the agreement to pay plaintiff for his introduction of defendants to the owner of the house. The jury found in favor of plaintiff. *Held,* that the court on appeal would not interfere as there was sufficient evidence to justify the verdict.

APPEAL from a judgment entered on the verdict of a jury, and from an order denying defendants' motion for a new trial.

*Thornall, Squires & Constant (Franklin Pierce,* of counsel), for plaintiff (respondent).

*Andrew A. Henderson,* for defendants (appellants).

GILDERSLEEVE, J.   The complaint herein sets forth a cause of action for the value of services rendered by the plaintiff to the defendants, in obtaining for the defendants, who are copartners in business, a contract to erect a large apartment house in West Fifty-eighth street, New York city, from one R. La Forte. The plaintiff claims that the defendants employed him to obtain said contract, and agreed to pay him the value of his services, and that the value of those services is $2,125. The defendants deny the agreement for employment and deny that the services were worth the sum stated.

The evidence establishes the facts that La Forte was first introduced to the defendant Watson, who acted for his firm in the transactions in question, by the plaintiff, after the plaintiff had informed defendant Watson of the contemplated building by La Forte; and that finally the contract for building was awarded by La Forte to the defendants.   But as to any agreement to pay plaintiff for such introduction, and as to the nature and value of his services, there is a sharp conflict of evidence.   The questions of fact arising from the conflicting testimony were properly submitted by the learned trial judge

to the jury, who, by their verdict, found in favor of plaintiff's contention as to the services and agreement to pay therefor, and fixed the value of such services at $1,000. With this conclusion the General Term will not interfere, as there is sufficient evidence to justify the verdict and sustain the judgment.

The charge, when taken as a whole, is correct, and there are no exceptions to the admission or exclusion of evidence of sufficient importance to warrant a reversal.

The judgment and order appealed from are affirmed, with costs.

SEDGWICK, Ch. J., concurs.

Judgment affirmed.